# In the United States Court of Federal Claims

No. 17-2058C

(Filed: February 27, 2018)

**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **LORI NICKENS, et al.,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| **UNITED STATES,** | ) ) |
| Defendant. | ) ) ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
FEB 27 2018
U.S. COURT OF
FEDERAL CLAIMS

Lori Nickens and Yvonne Nickens, *pro se*, Washington, D.C.

Aaron E. Woodward, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirshman, Jr., Director, and Lisa L. Donahue, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

Plaintiffs, Lori and Yvonne Nickens, bring a wrongful death action on behalf of their son and brother, Christopher S. Nickens. Compl. at 4-5.[1] Plaintiffs' bring this claim against the "United States [o]f America," the "Federal Bureau of Prisons," and the "[w]arden [a]nd [a]ll [u]nkown [a]gents [o]f [the] Federal Bureau of Prisons – United States Medical Center for Federal Prisoners." Compl. at 4. At the time of his death, Mr. Nickens was an inmate in a federal prison and had served 10 years of a 35-year sentence for murder. Compl. at 5. "During his incarceration, [Mr.] Nickens was diagnosed with several ailments," including diabetes, a chronic kidney disorder, rendering him "dialysis[-]dependent," and congestive heart failure, for which "a "[stent was] placed in his heart." Compl. at 5.

---

[1] The complaint is not paginated. Citations to particular portions of the complaint refer to the order in which the pages actually appear.

7017 1450 0000 1346 0942

The complaint presents a tragic account. In December 2015, Mr. Nickens "went into medical distress, alerting another inmate that he needed help." Compl. at 5. That inmate notified prison staff of the emergency, and the staff summoned a nurse who determined that Mr. Nickens "needed to be transported to the hospital." Compl. at 5. Plaintiffs allege that "Mr. Nickens was denied immediate medication to offset[] the early stages of a heart attack and the denial of medical treatment for his . . . congestive heart failure." Compl. at 5. He did not receive any medical assistance for seven hours, leaving him "bed[-]ridden and incapacitated." *See* Compl. at 5. The delay allegedly "caused him to go deeper into further medical distress, leading to chest pains" in transit to the hospital and "a massive heart attack upon his arrival at the hospital." Compl. at 5. Mr. Nickens was placed on a ventilator in a "comatose state" "for several days" until he was pronounced dead on December 28, 2015. Compl. at 5, 7.

The plaintiffs allege that the negligence of "all [d]efendant[s]" caused Mr. Nickens to suffer conscious pain and suffering and "directly and proximate[ly] caused" his death. Compl. at 5-6. Based on these alleged facts, plaintiffs bring several statutory and constitutional claims. *See* Compl. at 6-8. Plaintiffs assert that Mr. Nickens' rights under the Eighth Amendment were violated as the "deficient medical care" provided allegedly amounted to cruel and unusual punishment. Compl. at 6-7. Additionally, plaintiffs allege various tort claims, including wrongful death, intentional misrepresentation, negligent misrepresentation, negligent deceit, negligence in failure to diagnose and treat, and negligent violations of civil rights. *See* Compl. at 6-8.[2] Plaintiffs seek $3,000,000 "in compensatory and punitive damages, plus interest and costs as this [c]ourt deems appropriate." Compl. at 8.

Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims. *See generally* Def.'s Mot. to Dismiss Pls.' Complaint, ECF No. 10. The plaintiffs have responded in opposition. ECF No. 11.

## STANDARDS FOR DECISION

In any action, the plaintiff has the burden of establishing jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The leniency afforded a *pro se* plaintiff with respect to formalities does not relieve *pro se* litigants of their obligation to satisfy jurisdictional requirements. *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution or any Act of Congress . . . in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1) (emphasis added). This court's jurisdiction does not extend to suits against private individuals, even where those individuals are officers or employees of the government. *See* 28 U.S.C. § 1491(a)(1); *see also United States v. Sherwood*, 312 U.S. 584, 588

---

[2]The final count is brought under 42 U.S.C. § 1983.

2

(1941) (holding that this court's predecessor's "jurisdiction [was] confined to the rendition of money judgments in suits brought for that relief against the United States . . . , and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.") (internal citations omitted); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (explaining that claims against government officials in their personal capacities cannot be maintained because "the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual") (emphasis in original).

In suits against the United States, the Tucker Act waives sovereign immunity and allows a plaintiff to sue for money damages, *see United States v. Mitchell*, 463 U.S. 206, 212 (1983), but it does not provide a plaintiff with substantive rights, *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, "a plaintiff must identify a separate source of substantive law that creates the right to money damages" to establish jurisdiction. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *Mitchell*, 463 U.S. at 216; *Testan*, 424 U.S. at 398). That source of substantive law must be amenable to being "fairly . . . interpreted as mandating compensation by the [f]ederal [g]overnment for the damage sustained." *Testan*, 424 U.S. at 400 (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Cl. Ct. 1967)) (additional citation omitted).

"If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also Treviño v. United States*, 113 Fed. Cl. 204, 207 (2013) ("Where the court has not been granted jurisdiction to hear a claim, the case must be dismissed.") (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

## ANALYSIS

This court lacks jurisdiction over plaintiffs' claims against the prison warden and the prison staff as private individuals, *see Sherwood*, 312 U.S. at 588; *Stephenson*, 58 Fed. Cl. at 190, and over plaintiffs' various tort claims, *see* 28 U.S.C. § 1491(a)(1); *Phang v. United States*, 87 Fed. Cl. 321, 326 (2009) ("The Tucker Act specifically excludes tort claims from the jurisdiction of this court."), *aff'd*, 388 Fed. Appx. 961 (Fed. Cir. 2010). This court also lacks jurisdiction over plaintiffs' claims under 42 U.S.C. § 1983 because jurisdiction over such claims "is conferred exclusively on the United States District Courts." *Lowe v. United States*, 76 Fed. Cl. 262, 266 (2007). Plaintiffs' remaining claim is a right to damages for "deficient medical care," amounting to cruel and unusual punishment in violation of Mr. Nickens' Eighth Amendment rights. *See* Compl. at 4, 6-7. Constitutional provisions can give rise to jurisdiction in this court when they are money mandating, *i.e.*, when they "explicitly [or] implicitly obligate the federal government to pay damages." *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (en banc). But this court "does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision" of the Constitution. *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (internal quotation marks omitted).

3

Because plaintiffs have not asserted any claim that gives rise to jurisdiction in this court, this action must be dismissed. *See Thoen*, 765 F.2d at 1116.

## CONCLUSION

For the reasons stated, the government's motion to dismiss plaintiffs' complaint is GRANTED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

*[signature]*

Charles F. Lettow
Judge